IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MATTHEW RODRIGUEZ,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF GREAT FALLS, GREAT FALLS POLICE DEPARTMENT, GREAT FALLS HOSPITAL BENEFIS, TOM HALLORAN, ERIC BAUMANN, CLAYTON HENDERSON, and ADAM STERGIONIS,<br><br>                Defendants. | CV-20-05-GF-BMM<br><br>ORDER |

Plaintiff Matthew Rodriguez filed an initial complaint (Doc. 2) on October 31, 2019, alleging civil rights claims under 42 U.S.C. § 1983. The Court issued a screening order indicating it would require Defendants Baumann and Henderson to respond to Rodriguez's claims of excessive use of force in a subsequent order. Doc. 5. The Court found that Rodriguez had not set forth sufficient factual allegations against the remaining Defendants and as such those remaining Defendants were subject to dismissal. *Id*. The Court provided Rodriguez an opportunity to file an amended complaint. *Id*. Rodriguez filed an Amended Complaint (Doc. 11) on June 5, 2020. The allegations in Rodriguez's Amended

Complaint (Doc. 11) are identical to his initial complaint.  United States Magistrate Judge John Johnston entered a Findings and Recommendations.  Doc. 13.  Judge Johnston recommended that the Court dismiss the claims against defendants City of Great Falls, Great Falls Police Department, Great Falls Hospital Benefis, Officer Tom Halloran, and Adam Stergionis.  Doc. 13 at 3.  Rodriguez filed objections to Judge Johnston's Findings and Recommendations.  Doc. 14.

This Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects.  28 U.S.C. § 636(b)(1).  A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that this Court is able to identify the issues and the reasons supporting a contrary result."  *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010).  This Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response.  *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014).  Clear error exists if this Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

Rodriguez's objections (Doc. 14) prove improper. *See Kirkegard*, 2014 WL 693315. Rodriguez's objections are not directed at Judge Johnston's disposition; they are a recitation of the evidence Rodriguez anticipates receiving. *Id*. This Court will review for clear error this portion of Judge DeSoto's findings and recommendations. *See Syraz*, 235 F.3d at 427.

The Court finds no clear error in Judge Johnston's Findings and Recommendations. Judge Johnston correctly identified which of Rodriguez's claims were deficient and recommended that those claims be dismissed. Doc. 13 at 3. The Court adopts Judge Johnston's Findings and Recommendations (Doc. 13) in full.

## ORDER

Accordingly, **IT IS ORDERED** that defendants City of Great Falls, Great Falls Police Department, Great Falls Hospital Benefis, Officer Tom Halloran, and Adam Stergionis are **DISMISSED**.

Dated the 1st day of December, 2020.

Brian Morris, Chief District Judge
United States District Court